**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**WILLIAM THOMAS ROLLINS**                                    **PETITIONER**

**VERSUS**                            **CIVIL ACTION NO. 3:12CV94 HTW-LRA**

**RONALD KING**                                                **RESPONDENT**

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Petitioner William Thomas Rollins filed a petition for writ of habeas corpus relief on February 10, 2012. Respondent Ronald King filed a motion to dismiss asserting that the petition is barred pursuant to 28 U.S.C. § 2244(d) as untimely under the Antiterrorism and Effective Death Penalty Act of 1996. The Court recommends that the motion be granted for the reasons that follow.

Rollins was convicted of sexual battery (Count I), touching a child for lustful purposes (Count II), and two counts of contributing to the delinquency of a minor (Counts III and IV) in the Circuit Court of Lincoln County, Mississippi. On November 15, 2006, he was sentenced to consecutive terms of life imprisonment on Count I, 15 years on Count II, and 364 days on Counts III and IV, to be served in the custody of the Mississippi Department of Corrections. The Mississippi Supreme Court affirmed his convictions and sentences on December 13, 2007, in *Rollins v. State*, 970 So.2d 716 (Miss. 2007). Rollins did not file a petition for a writ of certiorari in the United States Supreme Court.

Following his direct appeal, Rollins filed three motions for post-conviction relief. The first "Application for Leave to Proceed in the Trial Court," filed in August 2010, was

denied by the Mississippi Supreme Court in September 2010. A motion for reconsideration was dismissed by the Mississippi Supreme Court as improperly filed in December 2010. The second motion for post-conviction relief, styled as a "Petition for Writ of Certiorari," was filed in February 2011, and denied as successive in June 2011. The court's order also warned Rollins that "future filings in this matter which fail to meet the exceptions to the successive writ bar may be deemed frivolous and may result in the imposition of appropriate sanctions."[1] The third motion was filed in August 2011. In support, Petitioner submitted newly discovered evidence in the form of an affidavit from Betty Rollins, the victim's mother and Petitioner's step-mother, dated July 2011. In her affidavit, Rollins avers that her daughter told her that Petitioner never sexually abused her. Petitioner also presented the victim's psychiatric records dated prior to trial which purportedly reflect that she has a history of making false allegations. The Mississippi Supreme Court found the newly discovered evidence claim was without merit and denied the motion as untimely under Miss. Code Ann. § 99-39-5(2). Rollins's petition for rehearing was denied in December 2011, and he filed the instant petition for federal habeas relief on February 10, 2012.[2]

This case is subject to the provisions of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), including the statute of limitations in 28 U.S.C. § 2244(d). This

---

[1] ECF No. 8-7.

[2] ECF Nos. 8-1 – 8-11.

2

statute of limitations requires a petitioner to file his federal habeas relief petition within one year from the date his conviction becomes final. The statute of limitations in 28 U.S.C. § 2244(d) reads as follows:

> (d)(1) A 1- year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of –
>
>     (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B)    the date on which the impediment of filing an application created by State action in violation of the Constitution or the law of the United States is removed, if the applicant was prevented from filing by such State action;
>
>     (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to the cases on collateral review; or,
>
>     (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (d)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. 28 U.S.C. § 2244(d)(1) and (2).

Thus, unless the narrow exceptions of § 2244(d)(1)(B)-(D) apply, a federal habeas petition must be filed within one year of the final judgment of the defendant's conviction, subject to tolling for the period when a properly filed motion for post-conviction relief is pending in state court. *See Cantu-Tzin v. Johnson*, 162 F.3d 941, 944 (5th Cir. 1998), *cert. denied*, 119 S. Ct. 847 (1999). AEDPA's statute of limitations period may also be equitably tolled if a petitioner shows "(1) that he has been pursuing his rights diligently,

3

and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010) (internal quotations and citations omitted).

Rollins's convictions became final on March 12, 2008, 90 days after they were affirmed on direct appeal on December 13, 2007. Because the time period during which Petitioner could have sought further review is added to the date his direct appeal ended, he is credited with the 90-day time period permitted for seeking a writ of certiorari in the United States Supreme Court. *See* Rule 13(1) of the United States Supreme Court Rules; *see also Roberts v. Cockrell,* 319 F.3d 690, 694 (5th Cir. 2003) (state court judgment becomes final for AEDPA purposes when the time to file a petition for writ of certiorari with the Supreme Court has expired, i.e., 90 days after the judgment is entered). Thus, to toll the statute of limitations, Rollins was required to file a "properly-filed" motion for post-conviction collateral relief in state court on or before on March 12, 2009. Because he did not properly file a motion prior to that date, AEDPA's one-year statute of limitations ran uninterrupted from March 12, 2008, to March 12, 2009. Absent statutory or equitable tolling, his federal habeas petition filed in this Court on February 10, 2012, nearly three years after AEDPA's deadline expired, is untimely.

Rollins does not dispute that his petition is untimely, nor does he assert that rare or exceptional circumstances warrant equitable toling. He maintains that he is actually innocent and submits Betty Rollins's affidavit and the victim's psychiatric records as

4

newly discovered evidence in support. He also requests an evidentiary hearing so that he may obtain testimony from Betty Rollins, the victim, and his son, who was an eyewitness to the alleged abuse and was also a minor at the time. He asserts that an evidentiary hearing will demonstrate that his son testified under duress and the victim has recanted her testimony.

AEDPA's one year statute of limitations "contains no explicit exemption for petitioners claiming actual innocence of the crimes of which they have been convicted." *Cousin v. Lensing,* 310 F.3d 843, 849 (5th Cir. 2002). Nor has such an exception been recognized by either the United States Supreme Court or the Fifth Circuit as grounds for equitable tolling. *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000 ) (holding that a claim of actual innocence "does not constitute a 'rare and exceptional' circumstance [permitting equitable tolling], given that many prisoners maintain they are innocent"). Moreover, actual innocence claims based on newly discovered evidence do not state a ground for federal habeas relief "absent an independent constitutional violation in the underlying state criminal proceeding." *Herrera v. Collins*, 506 U.S. 390, 400 (1993).

Petitioner submits Betty Rollins's affidavit and the victim's therapy records as evidence that the victim has either recanted her allegations or has a history of lying. Both of these arguments were presented at trial. When directly asked on direct and cross-examinations whether she had ever recanted her allegations, the victim acknowledged that she had previously told her counselors that the abuse did not occur. She explained,

5

however, that it was because she loved her brother very much and did not want him to go to jail. She also acknowledged lying on several occasions because she was "uncomfortable because of all the bad stuff happened."[3]

Petitioner's minor son was also an eyewitness to the abuse and testified at trial. As Respondent notes, he acknowledged that he was afraid of the consequences of testifying, but when pressed on cross-examination to "tell the truth," he corroborated the victim's account. Both the credibility of the victim and the Petitioner's son were explored in depth at trial, and this Court cannot conclude that the victim's psychiatric records or her mother's hearsay affidavit establish more likely than not that no reasonable juror would have convicted him. The victim's psychiatric records, in fact, reflect that her counselor was concerned that her "[f]amily has a history of telling her what to say in court."[4] The Court notes further that the victim and Petitioner's son are no longer minors, and neither has presented affidavits recanting their sworn testimony. Although Petitioner attempts to proffer this evidence here, we are precluded from considering it. His actual innocence claim was adjudicated on the merits and denied by the Mississippi Supreme Court. He has not demonstrated that he can "overcome the limitation of § 2254(d)(1) on the record that was before that state court." *Cullen*, 131 S.Ct. at 1400. *See also* 28 U.S.C §

---

[3]ECF No. 8-11, p. 62.

[4]ECF No. 1-3, p. 29.

2254(d)(2) (contemplating relief based on an "unreasonable determination of the facts *in light of the evidence presented in the State court proceeding*") (emphasis added).

Even if there were an actual innocence exception to AEDPA's statute of limitations, Rollins has not sufficiently exhausted this claim. To satisfy the exhaustion requirement of § 2254(b)(1), a habeas petitioner must have fairly presented the substance of his claim to the state's highest court. *Ries v. Quarterman,* 522 F.3d 517, 523 (5th Cir. 2008); *Smith v. Dretke*, 422 F.3d 269, 276 (5th Cir. 2005). This entails submitting the factual and legal basis of every claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). In this case, Petitioner submitted only the victim's medical records and her mother's affidavit to the state court as evidence of his actual innocence. The United States Supreme Court has recently held that it is contrary to the principles of exhaustion "to allow a petitioner to overcome an adverse state-court decision with new evidence introduced in a federal habeas court and reviewed by that court in the first instance effectively de novo." *Cullen v. Pinholster*, 131 S.Ct. 1388, 1399 (2011). Federal habeas review must be limited to the state-court record that was before the state court that adjudicated the claim on the merits. The Court explained:

> We now hold that review under § 2254 (d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. Section 2254(d)(1) refers, in the past tense, to a state-court adjudication that "resulted in" a decision that was contrary to, or "involved" an unreasonable application of, established law. This backward-looking language requires an examination of the state-court decision at the time it was made. It follows that the record under review is limited to the record in existence at that same time i.e., the record before the state court.

7

*Id.* at 1398. Rollins is barred from having new evidence from the victim or his son reviewed by this Court.[5] Accordingly, his request for an evidentiary hearing must be denied.

None of Petitioner's remaining arguments warrant equitable or statutory tolling of the statute of limitations. Although he contends that his petition is subject to the "intervening decisions" exception of 28 U.S.C.§ 2244 (d)(1)(C), he relies upon the Mississippi Supreme Court's decision in *Rowland v. State*, 42 So.3d 503,506 (Miss. 2010) (applying a fundamental rights exception to the procedural bars of the State's Uniform Post-Conviction Relief Act). Because his claims do not relate to a constitutional right "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," he does not meet the requirements of 28 U.S.C.§ 2244 (d)(1)(C).

Petitioner's habeas petition was filed more than three years after the federal statue of limitations expired. In the absence of any evidence warranting statutory or equitable tolling, his habeas petition is barred by 28 U.S.C. § 2244(d)(1)(A), and should be dismissed.

---

[5] To the extent Petitioner argues that new evidence from the victim or his son would merely supplement his actual innocence claim, recent Fifth Circuit decisions make clear that "*Cullen* resolves this issue in favor of the state. By disallowing federal courts (with few exceptions) from considering additional evidence not developed in the state court record, *Cullen* necessarily rules out the use of such proffered evidence to flesh out claims inadequately presented to the state courts." *Ibarra v. Thaler*, 691 F.3d 677, 682 (5th Cir. 2012). *See Lewis v. Thaler*, No. 10-700031, 2012 WL 8560247, at * 6 (5th Cir. Nov. 20, 2012) ("[W]e explicitly reject [our previous] holding that "where new affidavits supplement rather than fundamentally alter a state court claim, they may be admissible for review of a habeas claim under 2254(d).") (citing *Dowthitt v. Johnson*, 230 F.3d 733, 745-46 (5th Cir. 2000)).

**Recommendation**

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009).

This the 11th day of February 2013.

/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE